**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **KATHRYN BANKS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No.: 2015 CV 9309 |
| | ) |
| **MARRIOTT INTERNATIONAL, INC.**; | ) Judge: |
| **MARRIOTT GOLF, LINCOLNSHIRE** | ) |
| **MARRIOTT RESORT**, and **CRANE'S** | ) Magistrate: |
| **LANDING GOLF CLUB,** | ) |
| | ) |
| Defendants | ) |

<u>**NOTICE OF REMOVAL**</u>

Pursuant to *Title 28 U.S.C. §1441, et seq.,* and *28 U.S.C. §1332,* Defendants, **MARRIOTT INTERNATIONAL, INC.,** by and through one of its attorneys, Robert M. Burke of JOHNSON & BELL, LTD., hereby gives notice of the removal of the above captioned action from the Circuit Court of Cook County, Chicago, Illinois, Cause No. 2015 L 009157, to the United States District Court, Northern District of Illinois, Eastern Division, and in support thereof, state the following:

  1.  On or about September 4, 2015, Plaintiff, Kathryn Banks, initiated the above captioned lawsuit by filing a Complaint entitled *Kathryn Banks v. Marriott International, Inc., Marriott Golf, Lincolnshire Marriott Resort, and Crane's Landing Golf Club,* docket No. 2015 L 009157, in the Circuit Court of Cook County, Chicago, Illinois. Plaintiff alleges that she was injured while playing golf at the Marriott Lincolnshire Resort. A copy of the initial Complaint at Law is attached hereto, labeled Exhibit "A", and incorporated herein by reference.

2.     On or about September 17, 2015, Plaintiff filed a motion and notice of motion to have a Special Process Server appointed and an order granting the motion was ordered. Copies of the Notice, Motion and Order are attached hereto as Group Exhibit "B".

3.     On October 7, 2015, Plaintiff caused a Summons to be issued to Marriott International, Inc. A copy of the summons is attached hereto as Exhibit "C".

4.     According to the service returns, service was purportedly obtained on all of the named defendants by leaving a copy of the summons and complaint with Denisse Hernandez Regus on October 9, 2015 at Corporate Creation Network, which is the registered agent for Marriott International, Inc. Copies of the service returns are attached hereto as Group Exhibit "D".

5.     The United States District Court for the Northern District of Illinois, Eastern Division, has jurisdiction over the above captioned lawsuit pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441 for the following reasons:

(a)     Plaintiff, Kathryn Banks, at the time the lawsuit was commenced and at all relevant times, has been a resident and citizen of the State of Illinois;

(b)     Defendant, Marriott International, Inc. is the only legal entity named as a Defendant in this action to whom a summons was issued and which has been served. At the time the lawsuit was commenced and at all relevant times, Marriott International, Inc. has been Delaware corporation with its principal places of business in Bethesda, Maryland; therefore, for diversity of citizenship purposes, it is a citizen of the States of Delaware and Maryland;

(c)     According to the allegations contained in Plaintiff's Complaint herein, the amount of damages sought in this action by Plaintiff is an amount in excess of the $50,000.00, which is the jurisdictional limit of the Circuit Court of Cook County, Law Division. Plaintiff claims to have sustained permanent injuries, medical expenses, and past and future damages. Plaintiff further alleges that she has

lost and in the future will lose the value of time and earnings and has experienced and will continue to experience pain and suffering. Such allegations are sufficient to establish that the amount in controversy exceeds the jurisdictional minimum for diversity cases and triggers the duty to remove the case. *McCoy v. General Motors Corp.*, 226 F. Supp. 939 (N.D. Ill. 2002*); Varkalis v. Werner Co. & Lowe's Home Center*, 2010 U.S. Dist. LEXIS 84870 (N.D. Ill. 2010*)*, a copy of which decision is attached hereto as Exhibit "E";

(d)    Based upon the foregoing, it is Defendants' good faith belief that while liability, causation, and damages will be contested, the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs;

(e)    Three of the named Defendants, Marriott Golf, Lincolnshire Marriott Resort, and Crane's Landing Golf Club., are not existing legal entities;

(f)    *Title 28 U.S.C. §1441(b)(2)* provides that a civil action otherwise removable solely on the basis of the jurisdiction under section *1332(a)* of this Title may not be removed if any of the parties in interest properly joined and served as Defendants is a citizen of the state in which such action is brought;

(g)    This Notice of Removal is being filed with the Clerk of the United States District Court for the Northern District, Eastern Division, within thirty (30) days of service of the Summons and Complaint on Marriott International, Inc., the only Defendant, which is an actual existing legal entity which has been joined and served in this action;

(h)    This action, based upon diversity of citizenship and the amount in controversy is, therefore, properly removable, pursuant to *28 U.S.C. §1441(a).*

6.    Defendant will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois.

**WHEREFORE,** Defendant, **MARRIOTT INTERNATIONAL, INC.,** respectfully requests that this case proceed before this Court as an action properly removed.

3

Respectfully submitted,

JOHNSON & BELL, LTD.,

By:     /s/Robert M. Burke
        Robert M. Burke, One of the
        Attorneys for
        Marriott International, Inc.

ROBERT M. BURKE
JOHNSON & BELL, LTD.,
33 West Monroe Street, #2700
Chicago, Illinois 60603
Telephone:  (312) 0770

4

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

KATHRYN BANKS

Plaintiff,

v.                                          COURT NO.

MARRIOTT INTERNATIONAL INC.,
MARRIOTT GOLF, LINCOLNSHIRE
MARRIOTT RESORT, and CRANE'S
LANDING GOLF CLUB

Defendants.

## COMPLAINT AT LAW

NOW COMES the plaintiff, Kathryn Banks, by and through her attorneys, Randall F. Peters & Associates, and complaining of the defendants, MARRIOTT INTERNATIONAL INC., MARRIOTT GOLF, LINCOLNSHIRE MARRIOTT RESORT, and CRANE'S LANDING GOLF CLUB, states as follows:

## COUNT I
### MARRIOTT INTERNATIONAL INC

1.     Plaintiff, Kathryn Banks, is, and at all relevant times was an individual residing in Cook County, Illinois.

2.     Defendant, Marriott International Inc (doing business, and hereinafter referred to, as "Crane's Landing"), is, and at all relevant times was a foreign corporation, duly organized and existing in the State of Illinois, doing business throughout the State of Illinois, and in the County of Cook, as an American diversified hospitality company that owns and manages a broad portfolio of hotels, related lodging facilities, and resort golf courses.

3.     At all times relevant hereto and continuing at present, defendant, Marriott International Inc d/b/a Crane's Landing Golf Club, owned and operated a 18-hole golf course facility known as the Crane's Landing Golf Club (hereinafter the "golf course") at 10 Marriott Drive, Lincolnshire, Illinois.

4.     That on and before September 6, 2013, and on information and belief, the aforementioned golf course and defendant, Marriott International Inc, was on notice that



1

the 6th hole of said 18th hole golf course on the fairway near its green had a hole in the ground that existed and created a hazardous risk and dangerous condition for golf course customers, including plaintiff, Kathryn Banks, who paid the required fee to play golf on said course, and was participating in a round of golf on said course, September 6, 2013, at the Lincoln Marriott Resort on which premises said course was located.

5.    On September 6, 2013, plaintiff was an invited/customer of the said golf course, and while playing golf on the 6th hole, traversing the fairway towards its green, stepped in a hole that was not filled or leveled with the ground, and fell, fracturing her right lower extremity.

6.    On September 6, 2013, the hole that was present on the fairway of the 6th hole as plaintiff approached its green, constitutes an unsafe condition that was present and existing upon the golf course premises.

7.    On September 6, 2013, defendant, Marriott International Inc d/b/a Crane's Landing, should have, and did know of a obvious hazardous condition located on the fairway of the 6th hole as paying customers would approach its green playing golf, created by a hole in the ground on the fairway of the 6th hole nears its green as aforestated herein.

8.    On September 6, 2013, defendant, Marriott International Inc d/b/a Crane's Landing, should have, and did know of prior incident and risks of falls customers were exposed to who were playing golf on said course and traversing the fairway of the 6th hole towards its green, and the foreseeable hazard a hole in the ground on the said fairway presented to customers playing golf and traversing the fairway towards its green in continued play with the golf ball.

9.    On September 6, 2013, defendant, Marriott International Inc d/b/a Crane's Landing, should have, and did know that golf course customers were likely to be distracted by activities occurring upon a golf course during the course of play, and were therefore unlikely to discovery, or protect themselves from the aforementioned dangerous condition existing upon the golf course premises.

2

10.     At all times material hereto, it was the duty of defendant, Marriott International Inc d/b/a Crane's Landing, to exercise ordinary care and caution in the ownership, management, maintenance, and control of said golf course for the safety of the Plaintiff.

11.     Notwithstanding said duty as heretofore alleged, defendant, Marriott International Inc d/b/a Crane's Landing, was then and there guilty of one or more of the following careless and negligent acts and or omissions:

    a.     Carelessly and negligently maintained the fairway of the 6th hole exposing golf course customers including the plaintiff who was located in the area to a dangerous condition.

    b.     Carelessly and negligently managed the fairway of the 6th hole exposing golf course customers including the plaintiff who was located in the area to a dangerous condition.

    c.     Allowed a dangerous condition located on the fairway of the 6th hole to exist exposing customers including the plaintiff who was located in the area to a dangerous condition.

    d.     Failed to repair a hole located on the fairway near the green of the 6th hole exposing golf course customers including the plaintiff who was located in the area to a dangerous condition.

    e.     Created a dangerous condition upon the golf course by failing to repair a hole located on the fairway near the green of the 6th hole exposing golf course customers including the plaintiff who was located in the area to a dangerous condition.

    f.     Failed to warn golf course customers, including plaintiff of a hole present on the fairway near the green of the 6th hole and the danger created thereby.

12.     As a direct and proximate cause of the foregoing, the Plaintiff, Kathryn Banks, was injured fracturing her lower extremity and suffered permanent damages of a personal nature, medical expenses to be cured of her injuries, pain and suffering, past and future, loss of normal life, and lost wages, all to her damages.

**WHEREFORE**, the Plaintiff, Kathryn Banks, prays that judgment be entered against Defendant, Marriott International Inc in an amount of money in excess of the jurisdictional limit necessary to bring this action in the Circuit Court of Cook County, Illinois, together with the costs associated with this lawsuit.

3

## COUNT II
## MARRIOTT GOLF

1.     Plaintiff, Kathryn Banks, is, and at all relevant times was an individual residing in Cook County, Illinois.

2.     Defendant, Marriott Golf is and at all relevant times was a resort golf management company, duly organized and existing and doing business throughout the United States including the State of Illinois, and in the County of Cook.

3.     At all times relevant hereto and continuing at present, defendant, Marriott Golf, managed and maintain a 18-hole golf course facility known as the Crane's Landing Golf Club (hereinafter the "golf course") at Lincolnshire Marriott Resort, 10 Marriott Drive, Lincolnshire, Illinois.

4.     That on and before September 6, 2013, and on information and belief, the aforementioned golf course and defendant, Marriott Golf, was on notice that the 6th hole of said 18th hole golf course on the fairway near its green had a hole in the ground that existed and created a hazardous risk and dangerous condition for golf course customers, including plaintiff, Kathryn Banks, who paid the required fee to play golf on said course, and was participating in a round of golf on said course, September 6, 2013, at the Lincoln Marriott Resort on which premises said course was located.

5.     On September 6, 2013, plaintiff was an invited/customer of the said golf course, and while playing golf on the 6th hole, traversing the fairway towards its green, stepped in a hole that was not filled or leveled with the ground, and fell, fracturing her right lower extremity.

6.     On September 6, 2013, the hole that was present on the fairway of the 6th hole as plaintiff approached its green, constitutes an unsafe condition that was present and existing upon the golf course premises.

7.     On September 6, 2013, defendant, Marriott Golf, should have, and did know of a obvious hazardous condition located on the fairway of the 6th hole as paying customers

4

would approach its green playing golf, created by a hole in the ground on the fairway of the 6th hole nears its green as aforestated herein.

8. On September 6, 2013, defendant, Marriott Golf, should have, and did know of prior incident and risks of falls customers were exposed to who were playing golf on said course and traversing the fairway of the 6th hole towards its green, and the foreseeable hazard a hole in the ground on the said fairway presented to customers playing golf and traversing the fairway towards its green in continued play with the golf ball.

9. On September 6, 2013, defendant, Marriott Golf, should have, and did know that golf course customers were likely to be distracted by activities occurring upon a golf course during the course of play, and were therefore unlikely to discovery, or protect themselves from the aforementioned dangerous condition existing upon the golf course premises.

10. At all times material hereto, it was the duty of defendant, Marriott Golf, to exercise ordinary care and caution in the management, maintenance, and control of said golf course for the safety of the Plaintiff.

11. Notwithstanding said duty as heretofore alleged, defendant, Marriott Golf, was then and there guilty of one or more of the following careless and negligent acts and or omissions:

    a. Carelessly and negligently maintained the fairway of the 6th hole exposing golf course customers including the plaintiff who was located in the area to a dangerous condition.

    b. Carelessly and negligently managed the fairway of the 6th hole exposing golf course customers including the plaintiff who was located in the area to a dangerous condition.

    c. Allowed a dangerous condition located on the fairway of the 6th hole to exist exposing customers including the plaintiff who was located in the area to a dangerous condition.

    d. Failed to repair a hole located on the fairway near the green of the 6th hole exposing golf course customers including the plaintiff who was located in the area to a dangerous condition.

5

e. Created a dangerous condition upon the golf course by failing to repair a hole located on the fairway near the green of the 6th hole exposing golf course customers including the plaintiff who was located in the area to a dangerous condition.

f. Failed to warn golf course customers, including plaintiff of a hole present on the fairway near the green of the 6th hole and the danger created thereby.

12. As a direct and proximate cause of the foregoing, the Plaintiff, Kathryn Banks, was injured fracturing her lower extremity and suffered permanent damages of a personal nature, medical expenses to be cured of her injuries, pain and suffering, past and future, loss of normal life, and lost wages, all to her damages.

**WHEREFORE**, the Plaintiff, Kathryn Banks, prays that judgment be entered against Defendant, Marriott Golf in an amount of money in excess of the jurisdictional limit necessary to bring this action in the Circuit Court of Cook County, Illinois, together with the costs associated with this lawsuit.

## COUNT III
## LINCOLNSHIRE MARRIOTT RESORT

1. Plaintiff, Kathryn Banks, is, and at all relevant times was an individual residing in Cook County, Illinois.

2. Defendant, Lincolnshire Marriott Resort is and at all relevant times was a hospitality resort that owns and manages resort properties and a golf course located on its premises, duly organized and existing, and doing business in the State of Illinois, and at 10 Marriott Drive, Lincolnshire, Illiniois..

3. At all times relevant hereto and continuing at present, defendant, Lincolnshire Marriott Resort owned, managed, maintained, and controlled a 18-hole golf course facility known as the Crane's Landing Golf Club (hereinafter the "golf course") at Lincolnshire Marriott Resort, 10 Marriott Drive, Lincolnshire, Illinois.

4. That on and before September 6, 2013, and on information and belief, the aforementioned golf course and defendant, Lincolnshire Marriott Resort, was on notice that the 6th hole of said 18th hole golf course on the fairway near its green had a hole in the ground that existed and created a hazardous risk and dangerous condition for golf

6

course customers, including plaintiff, Kathryn Banks, who paid the required fee to play golf on said course, and was participating in a round of golf on said course, September 6, 2013, at the Lincoln Marriott Resort on which premises said course was located.

5.      On September 6, 2013, plaintiff was an invited/customer of the said golf course, and while playing golf on the 6ᵗʰ hole, traversing the fairway towards its green, stepped in a hole that was not filled or leveled with the ground, and fell, fracturing her right lower extremity.

6.      On September 6, 2013, the hole that was present on the fairway of the 6ᵗʰ hole as plaintiff approached its green, constitutes an unsafe condition that was present and existing upon the golf course premises.

7.      On September 6, 2013, defendant, Lincolnshire Marriott Resort, should have, and did know of a obvious hazardous condition located on the fairway of the 6ᵗʰ hole as paying customers would approach its green playing golf, created by a hole in the ground on the fairway of the 6ᵗʰ hole nears its green as aforestated herein.

8.      On September 6, 2013, defendant, Lincolnshire Marriott Resort, should have, and did know of prior incident and risks of falls customers were exposed to who were playing golf on said course and traversing the fairway of the 6ᵗʰ hole towards its green, and the foreseeable hazard a hole in the ground on the said fairway presented to customers playing golf and traversing the fairway towards its green in continued play with the golf ball.

9.      On September 6, 2013, defendant, Lincolnshire Marriott Resort, should have, and did know that golf course customers were likely to be distracted by activities occurring upon a golf course during the course of play, and were therefore unlikely to discovery, or protect themselves from the aforementioned dangerous condition existing upon the golf course premises.

10.     At all times material hereto, it was the duty of defendant, Lincolnshire Marriott Resort, to exercise ordinary care and caution in the management, maintenance, and control of said golf course for the safety of the Plaintiff

11. Notwithstanding said duty as heretofore alleged, defendant, Lincolnshire Marriott Resort, was then and there guilty of one or more of the following careless and negligent acts and or omissions:

    a.    Carelessly and negligently maintained the fairway of the 6th hole exposing golf course customers including the plaintiff who was located in the area to a dangerous condition.

    b.    Carelessly and negligently managed the fairway of the 6th hole exposing golf course customers including the plaintiff who was located in the area to a dangerous condition.

    c.    Allowed a dangerous condition located on the fairway of the 6th hole to exist exposing customers including the plaintiff who was located in the area to a dangerous condition.

    d.    Failed to repair a hole located on the fairway near the green of the 6th hole exposing golf course customers including the plaintiff who was located in the area to a dangerous condition.

    e.    Created a dangerous condition upon the golf course by failing to repair a hole located on the fairway near the green of the 6th hole exposing golf course customers including the plaintiff who was located in the area to a dangerous condition.

    f.    Failed to warn golf course customers, including plaintiff of a hole present on the fairway near the green of the 6th hole and the danger created thereby.

12. As a direct and proximate cause of the foregoing, the Plaintiff, Kathryn Banks, was injured fracturing her lower extremity and suffered permanent damages of a personal nature, medical expenses to be cured of her injuries, pain and suffering, past and future, loss of normal life, and lost wages, all to her damages.

        **WHEREFORE**, the Plaintiff, Kathryn Banks, prays that judgment be entered against Defendant, Lincolnshire Marriott Resort in an amount of money in excess of the jurisdictional limit necessary to bring this action in the Circuit Court of Cook County, Illinois, together with the costs associated with this lawsuit.

8

## COUNT IV
## CRANE'S LANDING GOLF CLUB

1.     Plaintiff, Kathryn Banks, is, and at all relevant times was an individual residing in Cook County, Illinois.

2.     Defendant, Crane's Landing Golf Club is and at all relevant times was a golf club located at the Lincolnshire Marriott Resort, duly organized and existing, and doing business in the State of Illinois, and at 10 Marriott Drive, Lincolnshire, Illinois.

3.     At all times relevant hereto and continuing at present, defendant, Crane's Landing Golf Club owned, managed, maintained, and controlled a 18-hole golf course facility known as the Crane's Landing Golf Club (hereinafter the "golf course") at Lincolnshire Marriott Resort, 10 Marriott Drive, Lincolnshire, Illinois.

4.     That on and before September 6, 2013, and on information and belief, the aforementioned golf course and defendant, Crane's Landing Golf Club, was on notice that the 6th hole of said 18th hole golf course on the fairway near its green had a hole in the ground that existed and created a hazardous risk and dangerous condition for golf course customers, including plaintiff, Kathryn Banks, who paid the required fee to play golf on said course, and was participating in a round of golf on said course, September 6, 2013, at the Lincoln Marriott Resort on which premises said course was located.

5.     On September 6, 2013, plaintiff was an invited/customer of the said golf course, and while playing golf on the 6th hole, traversing the fairway towards its green, stepped in a hole that was not filled or leveled with the ground, and fell, fracturing her right lower extremity.

6.     On September 6, 2013, the hole that was present on the fairway of the 6th hole as plaintiff approached its green, constitutes an unsafe condition that was present and existing upon the golf course premises.

7.     On September 6, 2013, defendant, Crane's Landing Golf Club, should have, and did know of a obvious hazardous condition located on the fairway of the 6th hole as

9

paying customers would approach its green playing golf, created by a hole in the ground on the fairway of the 6th hole nears its green as aforestated herein.

8.     On September 6, 2013, defendant, Crane's Landing Golf Club, should have, and did know of prior incident and risks of falls customers were exposed to who were playing golf on said course and traversing the fairway of the 6th hole towards its green, and the foreseeable hazard a hole in the ground on the said fairway presented to customers playing golf and traversing the fairway towards its green in continued play with the golf ball.

9.     On September 6, 2013, defendant, Crane's Landing Golf Club, should have, and did know that golf course customers were likely to be distracted by activities occurring upon a golf course during the course of play, and were therefore unlikely to discovery, or protect themselves from the aforementioned dangerous condition existing upon the golf course premises.

10.     At all times material hereto, it was the duty of defendant, Crane's Landing Golf Club, to exercise ordinary care and caution in the management, maintenance, and control of said golf course for the safety of the Plaintiff.

11.     Notwithstanding said duty as heretofore alleged, defendant, Crane's Landing Golf Club, was then and there guilty of one or more of the following careless and negligent acts and or omissions:

   a.     Carelessly and negligently maintained the fairway of the 6th hole exposing golf course customers including the plaintiff who was located in the area to a dangerous condition.

   b.     Carelessly and negligently managed the fairway of the 6th hole exposing golf course customers including the plaintiff who was located in the area to a dangerous condition.

   c.     Allowed a dangerous condition located on the fairway of the 6th hole to exist exposing customers including the plaintiff who was located in the area to a dangerous condition.

   d.     Failed to repair a hole located on the fairway near the green of the 6th hole exposing golf course customers including the plaintiff who was located in the area to a dangerous condition.

e.    Created a dangerous condition upon the golf course by failing to repair a hole located on the fairway near the green of the 6th hole exposing golf course customers including the plaintiff who was located in the area to a dangerous condition.

f.    Failed to warn golf course customers, including plaintiff of a hole present on the fairway near the green of the 6th hole and the danger created thereby.

12.    As a direct and proximate cause of the foregoing, the Plaintiff, Kathryn Banks, was injured fracturing her lower extremity and suffered permanent damages of a personal nature, medical expenses to be cured of her injuries, pain and suffering, past and future, loss of normal life, and lost wages, all to her damages.

**WHEREFORE**, the Plaintiff, Kathryn Banks, prays that judgment be entered against Defendant, Crane's Landing Golf Club in an amount of money in excess of the jurisdictional limit necessary to bring this action in the Circuit Court of Cook County, Illinois, together with the costs associated with this lawsuit.

Randall F. Peters & Associates
177 North State Street 3rdFloor
Chicago, Il 60601
312-368-1245 Phone
No 11942

Randall F. Peters

I I

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

KATHRYN BANKS

Plaintiff,

v.                                                COURT NO.

MARRIOTT INTERNATIONAL INC.,
MARRIOTT GOLF, LINCOLNSHIRE
MARRIOTT RESORT, and CRANE'S
LANDING GOLF CLUB

Defendants.

## AFFIDAVIT

1.      I, Randall F. Peters, attorney with the law firm of Randall F. Peters & Associates, am duly licensed to practice in the State of Illinois.

2.      I have reviewed the facts of this case and damages resulting from the aforementioned injury.

3.      Upon review, I have concluded that the plaintiff has a meritorious claim in an amount to exceed FIFTY THOUSAND ($50,000.00) for jurisdictional purposes.

Randall F. Peters & Associates
177 North State Street 3rdFloor
Chicago, Il 60601
312-368-1245 Phone
No 11942

Randall F. Peters

Subscribed and sworn to before me
on this _4_ day of _____, 2015.

_____
Notary Public

OFFICIAL SEAL
PHOEBE J JIMENEZ
NOTARY PUBLIC-STATE OF ILLINOIS
MY COMMISSION EXPIRES:05/12/18

# IN THE CIRCUIT COURT OF COOK COUNTY
## COUNTY DEPARTMENT, LAW DIVISION

KATHRYN BANKS

                                  Plaintiff,

v.                                         COURT NO. 15 L 9157



MARRIOTT INTERNATIONAL INC.,
MARRIOTT GOLF, LINCOLNSHIRE
MARRIOTT RESORT, and CRANE'S
LANDING GOLF CLUB

                                Defendants.

**FILED**
LAW DIV. 2210
SEP 17 2015
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

NO ONE TO SERVE

## NOTICE OF MOTION

On September 17, 2015 at 8:45 am I shall appear before the Honorable Judge or any judge sitting in the stead in the courtroom usually occupied by the Judge in **Room 2210** of the Richard J. Daly Center, Chicago, Illinois, and shall then and there present the attached Motion

                                          Randall F. Peters

Randall F. Peters & Associates
177 N. State Street 3rd Floor
312-368-1245
Chicago, Il 60601
Attorney No. 11942



DEFENDANT'S
EXHIBIT
Group B

# IN THE CIRCUIT COURT OF COOK COUNTY
## COUNTY DEPARTMENT, LAW DIVISION

KATHRYN BANKS

                                    Plaintiff,

v.                                                      COURT NO. 15 L 9157

MARRIOTT INTERNATIONAL INC.,
MARRIOTT GOLF, LINCOLNSHIRE
MARRIOTT RESORT, and CRANE'S
LANDING GOLF CLUB

                                    Defendants.

FILED
LAW DIV-2210
SEP 17 2015
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

## MOTION TO APPOINT SPECIAL PROCESS SERVER

NOW COMES the Plaintiff, Kathryn Banks, by her attorneys, RANDALL F. PETERS & ASSOCIATES requesting that this honorable court appoint Ronald Peters as special process server in this matter, and states:

1.    This is a personal injury cause of action

2.    In an effort to expedite the service of process, plaintiff feels a special process server is necessary.

3.    Ronald Peters is not a party to this action.  He has no interest in the outcome of this   litigation and is over 18 years of age.

**WHEREFORE,** Plaintiff prays this court enter an order appointing Ronald Peters as special process server in this action to effectuate summons on all Defendants.

Randall F. Peters

Randall F. Peters & Associates
177 N. State Street 3rd Floor
312-368-1245
Chicago, Il 60601
Attorney No. 11942

## IN THE CIRCUIT COURT OF COOK COUNTY
### COUNTY DEPARTMENT, LAW DIVISION

KATHRYN BANKS

Plaintiff,

v.

COURT NO. 15 L 9157

MARRIOTT INTERNATIONAL INC.,
MARRIOTT GOLF, LINCOLNSHIRE
MARRIOTT RESORT, and CRANE'S
LANDING GOLF CLUB

Defendants.

ORDER

COMING ON MOTION OF PLAINTIFF TO APPOINT SPECIAL PROCESS
SERVER AND THE COURT ADVISED ON THE PREMISES IT IS HEREBY ORDERED
AS FOLLOWS:

1.    That Ronald Peters is appointed special process server to effectuate service of
summons on defendants MARRIOTT INTERNATIONAL INC., MARRIOTT GOLF,
LINCOLNSHIRE MARRIOTT RESORT, and CRANE'S LANDING GOLF CLUB



Enter

JUDGE KATHY M. FLANAGAN

Randall F. Peters & Associates
177 N. State Street
3rd Floor
Chicago, Il 60601
Attorney No. 11942

SEP 17 2015

CIRCUIT COURT - 267

| | |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served by Mail |
| 2420 - Served by Publication | 2421 - Served by Publication |
| SUMMONS | ALIAS – SUMMONS |

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

KATHRYN BANKS

                          Plaintiff,

v.                                      COURT NO. 15 L 9157
                                        Please Serve:
MARRIOTT INTERNATIONAL INC.,            Marriott International Inc
MARRIOTT GOLF, LINCOLNSHIRE             By its Registered Agent
MARRIOTT RESORT, and CRANE'S            Corporate Creations Network In
LANDING GOLF CLUB                       350 S Northwest Hwy #300
                          Defendants.   Park Ridge, Il 60068

### SUMMONS

**To each defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file appearance, in the office of the Clerk of this Court (located in the Richard J. Daley Center, Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

There will be a fee of $203.00 to file your Appearance, or you may present an Application to Sue or Defend as a Poor Person (form #CCG-19). If approved by the Presiding Judge, the fee will be waived.

WITNESS, **OCT 07 2015** _____

| | |
|---|---|
| Name | RANDALL F. PETERS & ASSOC. |
| Attorney for | Plaintiff |
| Address | 177 North State 3rd Fl |
| City | Chicago, IL 60601 |
| Telephone | 312-368-1245 Phone |
| Atty. No. | 11942 |

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS



**IN THE CIRCUIT COURT OF COOK COUNTY**
**COUNTY DEPARTMENT, LAW DIVISION**



FILED
2015 OCT 14 AM 8: 55
CIRCUIT COU...
COUNTY, I...
LAW...
DOROT...

KATHRYN BANKS

                                    Plaintiff,

v.                                                       COURT NO. 15 L 9157

MARRIOTT INTERNATIONAL INC., MARRIOTT
GOLF, LINCOLNSHIRE MARRIOTT RESORT, and
CRANE'S LANDING GOLF CLUB

                                    Defendants.

NOTICE OF FILING

You are hereby notified that Randall F. Peters & Associates 177 North State Street, Chicago, Il 60601 did this day file with the Clerk of the Circuit Court of Cook County Civil Appeals Division Illinois the following in the above entitled action on October 13, 2015

**PROOF OF SERVICE OF SUMMONS ON CRANE'S LANDING GOLF CLUB**

A true and correct copy of the same is attached hereto and served upon you.

PROOF OF SERVICE

On oath state that I served this notice and true and correct copies of the above documents by delivering copies personally to each entity to whom they are directed or by mailing copies to each entity to whom they are directed by depositing the same in the U.S. Mail, proper postage full prepaid, at 177 N. State Street, Chicago, IL 60601 before the hour of 5:00 p.m. on October 13, 2015

**Atty. No.:11942**
**Attorney: Randall F. Peter & Associates**
**Name:  Randall F. Peters**
**Address: 177 N. State St.**
**City/State/Zip: Chicago, IL 60601 Telephone: 312-368-1245**

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS



DEFENDANT'S
EXHIBIT
Group D

**IN THE CIRCUIT COURT OF COOK COUNTY**
**COUNTY DEPARTMENT, LAW DIVISION**



KATHRYN BANKS

Plaintiff,

v.                                                    COURT NO. 15 L 9157

MARRIOTT INTERNATIONAL INC.,
MARRIOTT GOLF, LINCOLNSHIRE
MARRIOTT RESORT, and CRANE'S
LANDING GOLF CLUB

Defendants.

## A F F I D A V I T OF PROOF OF SERVICE

I, Ronald Peters, being first duly sworn under oath, deposes and states the following:

1.  My name is Ronald Peters, and was appointed Special Process Server.

2.  I certify that I served this summons on the following defendants:

| Date | Defendant | Name of Person Served |
|------|-----------|----------------------|
| 10-9-15 | Marriott International Inc | Denisse Hernandez Regus |
| 10.9.15 | Marriott Golf | " " " |
| 10.9.15 | Lincolnshire Marriott Resort | " " " |
| 10.9.15 | Crane's Landing Golf Club | " " " |

_____ PERSONAL SERVICE:  by leaving a copy of the summons and complaint with the named defendant personally.

_____ SUBSTITUTE SERVICE:  by leaving a copy of the summons and a copy of the complaint at the defendant's usual place of abode with some person of the family, of the age of 13 years or upwards, and informing that person of the contents thereof.  Also, a copy of the summons was mailed on the _____ day of _____ 2012 in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode.

_____ SERVICE ON:  CORPORATION ☒ COMPANY ___ BUSINESS by leaving a copy of the summons and complaint with the registered agent, authorized person or partner of the defendant.

That the above is true and accurate to the best of my knowledge.

*Ronald Peters*
Ronald Peters

Subscribed and sworn to before me
On _____

_____
NOTARY PUBLIC

OFFICIAL SEAL
PHOEBE J JIMENEZ
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:05/12/18

**IN THE CIRCUIT COURT OF COOK COUNTY**
**COUNTY DEPARTMENT, LAW DIVISION**

FILED
2015 OCT 14 AM 8: 57
CIRCUIT COU...
COUNTY
LAW DIV

KATHRYN BANKS

                         Plaintiff,

v.

                                     COURT NO. 15 L 9157

MARRIOTT INTERNATIONAL INC., MARRIOTT
GOLF, LINCOLNSHIRE MARRIOTT RESORT, and
CRANE'S LANDING GOLF CLUB

                            Defendants.



## NOTICE OF FILING

You are hereby notified that Randall F. Peters & Associates 177 North State Street, Chicago, Il
60601 did this day file with the Clerk of the Circuit Court of Cook County Civil Appeals Division
Illinois the following in the above entitled action on October 13, 2015

**PROOF OF SERVICE OF SUMMONS ON LINCOLNSHIRE MARRIOTT RESORT**

A true and correct copy of the same is attached hereto and served upon you.

### PROOF OF SERVICE

On oath state that I served this notice and true and correct copies of the above documents by
delivering copies personally to each entity to whom they are directed or by mailing copies to
each entity to whom they are directed by depositing the same in the U.S. Mail, proper postage
full prepaid, at 177 N. State Street, Chicago, IL 60601 before the hour of 5:00 p.m. on October
13, 2015

**Atty. No.:11942**
**Attorney: Randall F. Peter & Associates**
**Name: Randall F. Peters**
**Address: 177 N. State St.**
**City/State/Zip: Chicago, IL 60601 Telephone: 312-368-1245**

      DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS



## IN THE CIRCUIT COURT OF COOK COUNTY
## COUNTY DEPARTMENT, LAW DIVISION

KATHRYN BANKS

                Plaintiff,

v.

                                  COURT NO. 15 L 9157

MARRIOTT INTERNATIONAL INC.,
MARRIOTT GOLF, LINCOLNSHIRE
MARRIOTT RESORT, and CRANE'S
LANDING GOLF CLUB

                Defendants.

### A F F I D A V I T OF PROOF OF SERVICE

I, Ronald Peters, being first duly sworn under oath, deposes and states the following:

1.  My name is Ronald Peters, and was appointed Special Process Server.

2.  I certify that I served this summons on the following defendants:

| Date | Defendant | Name of Person Served |
|------|-----------|-----------------------|
| 10-9-15 | Marriott International Inc | Denisse Hernandez Prgus |
| 10.9.15 | Marriott Golf | " " " |
| 10.9.15 | Lincolnshire Marriott Resort | " " " |
| 10.9.15 | Crane's Landing Golf Club | " " " |

_____ PERSONAL SERVICE: by leaving a copy of the summons and complaint with the named defendant personally.

_____ SUBSTITUTE SERVICE: by leaving a copy of the summons and a copy of the complaint at the defendant's usual place of abode with some person of the family, of the age of 13 years or upwards, and informing that person of the contents thereof. Also, a copy of the summons was mailed on the \_\_\_\_\_ day of _____ 2012 in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode.

_____ SERVICE ON: CORPORATION \_X\_ COMPANY \_\_\_ BUSINESS By leaving a copy of the summons and complaint with the registered agent, authorized person or partner of the defendant.

That the above is true and accurate to the best of my knowledge.

*Ronald Peters*

Ronald Peters

Subscribed and sworn to before me
On _____

_____
NOTARY PUBLIC

OFFICIAL SEAL
PHOEBE J. JIMENEZ
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:05/12/18

**IN THE CIRCUIT COURT OF COOK COUNTY**
**COUNTY DEPARTMENT, LAW DIVISION**

FILED

2015 OCT 14 AM 8: 56

CIRCUIT COU~~
COUNTY, ILL ST
LAW DIVISI ~
DOROT~~

KATHRYN BANKS

                Plaintiff,

v.

                COURT NO. 15 L 9157

MARRIOTT INTERNATIONAL INC., MARRIOTT
GOLF, LINCOLNSHIRE MARRIOTT RESORT, and
CRANE'S LANDING GOLF CLUB

                Defendants.



## NOTICE OF FILING

You are hereby notified that Randall F. Peters & Associates 177 North State Street, Chicago, Il 60601 did this day file with the Clerk of the Circuit Court of Cook County Civil Appeals Division Illinois the following in the above entitled action on October 13, 2015

## PROOF OF SERVICE OF SUMMONS ON MARRIOTT GOLF

A true and correct copy of the same is attached hereto and served upon you.

### PROOF OF SERVICE

On oath state that I served this notice and true and correct copies of the above documents by delivering copies personally to each entity to whom they are directed or by mailing copies to each entity to whom they are directed by depositing the same in the U.S. Mail, proper postage full prepaid, at 177 N. State Street, Chicago, IL 60601 before the hour of 5:00 p.m. on October 13, 2015

**Atty. No.:11942**
**Attorney: Randall F. Peter & Associates**
**Name:  Randall F. Peters**
**Address: 177 N. State St.**
**City/State/Zip: Chicago, IL 60601 Telephone: 312-368-1245**

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

**IN THE CIRCUIT COURT OF COOK COUNTY**
**COUNTY DEPARTMENT, LAW DIVISION**

~~FILED-13~~
2015 OCT 14 AM 8: 56
CIRCUIT COURT
COUNTY, ...
LAW DIV...

KATHRYN BANKS

Plaintiff,

v.                                              COURT NO. 15 L 9157

MARRIOTT INTERNATIONAL INC.,
MARRIOTT GOLF, LINCOLNSHIRE
MARRIOTT RESORT, and CRANE'S
LANDING GOLF CLUB

Defendants.

## A F F I D A V I T OF PROOF OF SERVICE

I, Ronald Peters, being first duly sworn under oath, deposes and states the following:

1.  My name is Ronald Peters, and was appointed Special Process Server.

2.  I certify that I served this summons on the following defendants:

| Date | Defendant | Name of Person Served |
|------|-----------|----------------------|
| 10-9-15 | Marriott International Inc | Denisse Hernandez Vrgus |
| 10.9.15 | Marriott Golf | " " " |
| 10.9.15 | Lincolnshire Marriott Resort | " " " |
| 10.9.15 | Crane's Landing Golf Club | " " " |

_____ **PERSONAL SERVICE:** by leaving a copy of the summons and complaint with the named defendant personally.

_____ **SUBSTITUTE SERVICE:** by leaving a copy of the summons and a copy of the complaint at the defendant's usual place of abode with some person of the family, of the age of 13 years or upwards, and informing that person of the contents thereof. Also, a copy of the summons was mailed on the _____ day of _____ 2012 in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode.

_____ **SERVICE ON:** CORPORATION X COMPANY ___ BUSINESS by leaving a copy of the summons and complaint with the registered agent, authorized person or partner of the defendant.

That the above is true and accurate to the best of my knowledge.

_Ronald Peters_
Ronald Peters

Subscribed and sworn to before me
On _____

_____
NOTARY PUBLIC

OFFICIAL SEAL
PHOEBE J JIMENEZ
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:05/12/18

**IN THE CIRCUIT COURT OF COOK COUNTY**
**COUNTY DEPARTMENT, LAW DIVISION**

FILED
2015 OCT 14 AM 8:56
CIRCUIT COU...
COUNTY...
DOROTH...

KATHRYN BANKS

                           Plaintiff,

v.

                                   COURT NO: 15 L 9157

MARRIOTT INTERNATIONAL INC., MARRIOTT
GOLF, LINCOLNSHIRE MARRIOTT RESORT, and
CRANE'S LANDING GOLF CLUB

                           Defendants.



## NOTICE OF FILING

You are hereby notified that Randall F. Peters & Associates 177 North State Street, Chicago, Il 60601 did this day file with the Clerk of the Circuit Court of Cook County Civil Appeals Division Illinois the following in the above entitled action on October 13, 2015

### PROOF OF SERVICE OF SUMMONS ON MARRIOTT INTERNATIONAL INC

A true and correct copy of the same is attached hereto and served upon you.

### PROOF OF SERVICE

On oath state that I served this notice and true and correct copies of the above documents by delivering copies personally to each entity to whom they are directed or by mailing copies to each entity to whom they are directed by depositing the same in the U.S. Mail, proper postage full prepaid, at 177 N. State Street, Chicago, IL 60601 before the hour of 5:00 p.m. on October 13, 2015

                                     _____

**Atty. No.:11942**
**Attorney: Randall F. Peter & Associates**
**Name: Randall F. Peters**
**Address: 177 N. State St.**
**City/State/Zip: Chicago, IL 60601 Telephone: 312-368-1245**

         DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

## IN THE CIRCUIT COURT OF COOK COUNTY
## COUNTY DEPARTMENT, LAW DIVISION

KATHRYN BANKS

Plaintiff,

2015 OCT 14 AM 8: 56

CIRCUIT COURT
COUNTY
LAW DIV.

v.

COURT NO. 15 L 9157

MARRIOTT INTERNATIONAL INC.,
MARRIOTT GOLF, LINCOLNSHIRE
MARRIOTT RESORT, and CRANE'S
LANDING GOLF CLUB

Defendants.

## A F F I D A V I T OF PROOF OF SERVICE

I, Ronald Peters, being first duly sworn under oath, deposes and states the following:

1. My name is Ronald Peters, and was appointed Special Process Server.

2. I certify that I served this summons on the following defendants:

| Date | Defendant | Name of Person Served |
|---|---|---|
| 10-9-15 | Marriott International Inc | Denisse Hernandez Vegus |
| 10.9.15 | Marriott Golf | ″ ″ ″ |
| 10.9.15 | Lincolnshire Marriott Resort | ″ ″ ″ |
| 10.9.15 | Crane's Landing Golf Club | ″ ″ ″ |

_____ PERSONAL SERVICE: by leaving a copy of the summons and complaint with the named defendant personally.

_____ SUBSTITUTE SERVICE: by leaving a copy of the summons and a copy of the complaint at the defendant's usual place of abode with some person of the family, of the age of 13 years or upwards, and informing that person of the contents thereof. Also, a copy of the summons was mailed on the _____ day of _____ 2012 in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode.

_____ SERVICE ON: CORPORATION __X__ COMPANY ___ BUSINESS by leaving a copy of the summons and complaint with the registered agent, authorized person or partner of the defendant.

That the above is true and accurate to the best of my knowledge.

*Ronald Peters*
Ronald Peters

Subscribed and sworn to before me
On _____

NOTARY PUBLIC

OFFICIAL SEAL
PHOEBE J JIMENEZ
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:05/17/18

Case: 1:15-cv-09309 Document #: 1 Filed: 10/21/15 Page 29 of 33 PageID #:29

---

Document: Varkalis v. Werner Co., 2010 U.S. Dist. LEXIS 84870   Actions ⌄

---

Results list

---

# Varkalis v. Werner Co., 2010 U.S. Dist. LEXIS 84870

**Copy Citation**

United States District Court for the Northern District of Illinois, Eastern Division

August 18, 2010, Decided; August 18, 2010, Filed

No. 10 C 03331

**Reporter**

**2010 U.S. Dist. LEXIS 84870** | 2010 WL 3273493

MARY VARKALIS, as Independent Administrator of the Estate of MICHAEL VARKALIS, Plaintiff, v. WERNER CO. & LOWE'S HOME CENTER INC., d/b/a LOWE'S Defendants.

## Core Terms

removal, notice, amount in controversy, days, original complaint, diverse

**Counsel:** [1] For Mary Varkalis, estate of Michael Varkalis, Plaintiff: Martin A. Dolan ⌄, Dolan Law Offices, P.C. ⌄, Chicago, IL.

For Werner Co., Lowe's Home Centers, doing business as Lowe's, Defendants: Michael Joseph Meyer, LEAD ATTORNEY, Eric Franklin Long ⌄, Stephen Sloan Weiss ⌄, Tribler Orpett and Meyer, P.C., Chicago, IL.

**Judges:** Blanche M. Manning ⌄, United States District Judge.

**Opinion by:** Blanche M. Manning ⌄



Varkalis v. Werner Co., 2010 U.S. Dist. LEXIS 84870

Case: 1:15-cv-09309 Document #: 1 Filed: 10/21/15 Page 30 of 33 PageID #:302

Page 2 of 5

## Opinion

_____

**MEMORANDUM AND ORDER**

The defendants removed the instant lawsuit from the Circuit Court of Cook County and the plaintiff has filed a motion to remand. For the reasons stated below, the motion is granted.

### I. FACTS

Defendant Werner Co. ("Werner") allegedly manufactured and designed a nine-foot fiberglass stepladder sold by Defendant Lowe's Home Centers Inc. ("Lowe's"). On or around December 21, 2008, Michael Varkalis was using the stepladder in his garage when it buckled and Michael fell and struck his head on the garage floor. He suffered irreversible brain damage and died on August 18, 2009.

### II. PROCEDURAL HISTORY

On March 15, 2010, Mary Varkalis, as independent administrator of Michael Varkalis's estate, filed a seven-count complaint in the Circuit Court of Cook County, Illinois, alleging product liability, negligence, **[2]** breach of warranty, and a Survival Act claim. Specifically, the plaintiff alleged that "[w]hile Mr. Varkalis was on the ladder, it buckled, causing him to fall with great force and violence to the ground below." Comp. at P6. The complaint further alleged that "as a direct and proximate result of the ladder bucking, Michael Varkalis was severely injured, sustaining irreversible brain damage which led to his death on August 18, 2009." *Id.* at P7. The defendants, Werner and Lowe's, were properly served on March 22, 2010, and March 24, 2010, respectively.

On April 19, 2010, the defendants filed answers and affirmative defenses to the plaintiff's complaint. In addition, they filed a motion to dismiss counts III and VI on the ground that the plaintiff should have filed separate causes of action for breach of express and implied warranties given that separate recovery was available under each. In response to the motion to dismiss, on May 19, 2010, the plaintiff filed an amended complaint removing the word "express" from Counts III and VI, and proceeding only with the breach of implied warranty cause of action against each of the defendants.

On June 1, 2010, the defendants filed a request to **[3]** admit facts whereby they requested that the plaintiff admit that she sought to recover from the defendants an amount in excess of $75,000, exclusive of interests and costs. One day later, on June 2, 2010, the defendants removed the case to this court pursuant to the court's diversity jurisdiction. The plaintiff then filed the instant motion to remand on the ground that the removal was untimely.

### III. ANALYSIS

#### A. **Standard for Removal**

28 U.S.C. § 1446(b) states that a notice of removal must "be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleadings setting forth the claim for relief upon which such action or proceedings is based." 28 U.S.C. § 1446(b). Any procedural defect in a case being removed to federal court must be remanded to the state court. *Disher v. Citigroup Global Mkts., Inc.*, 487 F. Supp. 2d 1009, 1015 (S.D. Ill. 2007)("where there is doubt as to whether the requirements have been satisfied, the case should be remanded.")(internal citations omitted). Under 28 U.S.C. § 1446(b), a defendant may file a notice of removal within thirty days from receipt of an amended pleading. *See, e.g., Benson v. SI Handling Systems, Inc.*, 188 F.3d 780, 782 (7th Cir. 1999)(*citing* **[4]** 28 U.S.C. §1446(b)). However, this general rule applies only when the original complaint is not removable. *Mortgage Elec. Registration Sys. v. Rothman*, No. 04 C 5340, 2005 U.S. Dist. LEXIS 12270, 2005 WL 497794, at *5 (N.D. Ill. Feb. 28, 2005).


### B. Amount in Controversy

The plaintiff contends that removal was improper as a matter of law because the defendants did not file the notice of removal within thirty days of service of the original complaint, which was April 21, 2010. Instead, the defendants filed their notice of removal on June 2, 2010, and maintain that it was timely regardless of the fact that the filing date was over sixty days from notice of the original complaint. According to what the court understands the defendants to be arguing, it was only when they received the amended complaint that they became aware of the possibility for removal because the amount in controversy alleged in the original complaint was not sufficient to trigger diversity jurisdiction. **1 ⬇**

Diversity jurisdiction exists where the parties are diverse and where the amount in controversy exceeds $75,000, not including interest and costs. *See* 28 U.S.C. § 1332(a). There is no dispute that the parties are diverse; rather, the defendants argue that the plaintiff did not adequately state an amount in controversy that would have put the defendants on notice of the possibility for removal to federal court. According to the defendants, the original and amended complaint were ambiguous because they sought **[6]** only "a sum in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County," which amounts to $50,000.

Generally, when a complaint does not express the *ad damnum* in excess of $75,000, the defendant may file its removal notice within thirty days from the plaintiff's admission that they are seeking more than $75,000. *Height v. Southwest Airlines, Inc.*, No. 02 C 2854, 2002 U.S. Dist. LEXIS 13880, 2002 WL 1759800, **2-3 (N.D. Ill. Jul. 29, 2002); *Abdishi v. Phillip Morris, Inc.*, No. 98 C 1310, 1998 U.S. Dist. LEXIS 8640, 1998 WL 311991, at *1-3 (N.D. Ill. June 4, 1998). In this case, on June 1, 2010, the defendants filed a request to admit facts to establish that the amount in controversy exceeded $75,000, but did not wait for a response before filing the notice of removal.

A defendant must employ "a reasonable and commonsense reading" of the complaint to determine removability. *RBC Mortgage Comp. v. Couch*, 274 F. Supp. 2d 965, 969 (N.D. Ill. 2003)(*citing McCoy v. GMC*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002)). A "defendant [is barred from] circumvent[ing] the thirty-day time limit for removal when it is obvious that a complaint states a claim for damages in excess of $75,000, even though it is not explicitly **[7]** stated in its *ad damnum* clause." *Gallo v. Homelite Consumer Prods.*, 371 F. Supp. 2d 943, 947 (N.D. Ill. 2005). Absolute confirmation of the amount in controversy is not necessary where the "plaintiffs allege serious, permanent injuries and significant medical expenses" which exceed $75,000 on the face of the complaint. *Fields v. Jay Henges Enters.*, No. 06-323-GPM, 2006 U.S. Dist. LEXIS 47948, 2006 WL 1875457, at *3 (S.D. Ill. June 30, 2006). *See also RBC Mortgage Co.*, 274 F. Supp. 2d at 969 (complaints alleging "serious, permanent injuries" are "unambiguous[ly]" ripe for removal because the plaintiff almost certainly will seek more than $75,000)(citation omitted); *McCoy*, 226 F. Supp. 2d at 941 (the 30-day removal

Varkalis v. Werner Co., 2010 U.S. Dist. LEXIS 84870                    Page 4 of 5

Case: 1:15-cv-09309 Document #: 1 Filed: 10/21/15 Page 32 of 33 PageID #:32

period under the first sentence of § 1446(b) is triggered when the complaint alleges "serious, permanent injuries and significant medical expenses, [and] it is obvious from the face of the complaint that the plaintiffs' damages exceed[] the jurisdiction[al] amount").

Under this standard, the allegations in the original complaint sufficiently alleged the types of serious, permanent injuries to place the defendants on notice that the plaintiff will "almost certainly" seek more than $75,000 such that the **[8]** defendants could have removed the complaint. The defendants may not restart the tolling clock by requiring absolute certainty of the amount in controversy. *Fields*, No. 06-323-GPM, 2006 U.S. Dist. LEXIS 47948, 2006 WL 1875457, at *7 ("defendants should never . . . be able to toll the removal clock indefinitely through reliance on the discovery process to establish jurisdictional prerequisites with absolute certainty"). *See also Huntsman Chem. Corp. v. Whitehorse Techs.*, No. 97 C 3842, 1997 U.S. Dist. LEXIS 13282, 1997 WL 548043, at *5 (N.D. Ill. Sept. 2, 1997)(*citing Mielke v. Allstate Ins. Co.*, 472 F. Supp. 851, 853 (D.C. Mich. 1979)("there is no reason to allow a defendant additional time if the presence of grounds for removal are unambiguous in light of the defendant's knowledge and the claims made in the initial complaint."). Because the removal was untimely, the plaintiff's motion to remand the case to state court is granted. **[2⬇]**


**IV. CONCLUSION**

For the reasons stated **[9]** above, the motion to remand the case to the Circuit Court of Cook County [8-1] is granted. The clerk is directed to remand this matter forthwith.

**ENTER: August 18, 2010**

/s/ Blanche M. Manning ▾

**Blanche M. Manning** ▾

**United States District Judge**

---

**Footnotes**

**[1⬆]** It is difficult to decipher exactly what the defendants' argument is in response to the motion to remand. While on the one hand they cite to caselaw stating that a defendant may remove within 30 days after receiving a copy of an amended pleading **[5]** from which it may first be ascertained that the case is one which is removable, they also argue that they "technically *still* have not received a pleading, motion, order, or "other paper" to confirm that this case is removable" and thus, "one could argue that this case is not yet ripe for removal." Response at 2, Dkt. #12 (emphasis in original). They go on to argue that "[h]owever, because plaintiff has not contested the removal on the amount in controversy issue [and instead challenges only as to timeliness], the Court can reasonably assume that she will seek more than $75,000." *Id.* Either way, both of the defendants' arguments fail for the reasons described later in this order.

**[2⬆]** The plaintiff alternatively argues that the defendants waived their right to remove the case based on their filing of a partial motion to dismiss in state court. Because the court concludes that the removal was untimely, it need not address this alternative basis for remand.

---



▶ LexisNexis·                                    RELX Group™